# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE WINTERS, ) | |
| ) | C.A. No. 16-57Erie |
| Plaintiff, ) | |
| ) | |
| v. ) | Magistrate Judge Baxter |
| ) | |
| CORRY FEDERAL CREDIT UNION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION[1]

### SYNOPSIS

In this civil action, Plaintiff brings claims against Corry Federal Credit Union ("Corry"), Eddie's Collectibles ("Eddie's"), and John Doe-Repo Agent ("Doe"), arising out of the repossession of her vehicle. Plaintiff alleges that Eddie's and John Doe Repo Man acted as agents of Corry. She asserts statutory claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") (Count I); Pennsylvania's Uniform Commercial Code ("UCC") (Count II); and the Fair Credit Extension Uniformity Act ("FCEUA") and Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count III). She also brings common law claims of assault and battery (Count IV), conversion (Count V), and negligence (Count VI). Count I is against Eddie's and John Doe Repo Man, while all other Counts are levied against all three Defendants.

Following service of the Original Complaint, Defendant Corry filed a motion to dismiss. [ECF No. 7]. Thereafter, Plaintiff filed the Amended Complaint. [ECF No. 10]. The filing of the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF No. 21; ECF No. 22; ECF No. 23.

1

Amended Complaint moots the motion to dismiss such that Corry's motion [ECF No. 7] will be dismissed.

In response to the filing of the Amended Complaint, Defendants Corry and Eddie's each filed a Motion to Dismiss Plaintiff's Amended Complaint [ECF Nos. 11, 13]. Plaintiff has responded to both Motions. [ECF Nos. 17, 18]. These Motions are now ripe for review.

## OPINION

### A. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### B. CORRY'S MOTION TO DISMISS[2]

#### 1) Counts II – V - Liability for Acts of Independent Contractor

First, Defendant Corry challenges Counts II through IV of Plaintiff's Amended Complaint, on grounds that Corry cannot be liable for the intentional torts of an independent contractor's employee. To establish non-employer status, Corry rather cursorily points to Plaintiff's allegations that Corry "hired" Eddie's, who in turn "assigned" the repossession to Doe. Further, Corry argues that Plaintiff alleges no direct action on its part that would support Counts II through IV against Corry. In response, Plaintiff does not appear to contest Corry's characterization of Doe or Eddie's as non-employees of Corry. Instead, Plaintiff tenders a lengthy discussion regarding the climate surrounding repossessions in this country, and the duties imposed on creditors by various sources of law.

Counts II and III of Plaintiff's Amended Complaint assert claims under the UCC, and FCEUA as enforced via the UTCPCL, respectively. The UCC and FCEUA impose duties on creditors or secured parties. See, e.g., 13 Pa. C.S.A. § 9609(b)(2); 73 Pa.C.S.A. § 2270.4(b)(6). Corry's argument that it cannot be held liable for the intentional torts of an independent contractor omits the fact that Counts II and III do not sound in intentional tort, and does not explain how the tort principles cited impact Plaintiff's statutory claims. Corry's contention, based solely on the common law of torts, is inapposite. Accordingly, Corry's undeveloped assertion that common law tort principles are fatal to Plaintiff's statutory claims is rejected.

---

[2] Each of Corry's arguments are addressed in the order presented, with the exception of Corry's contention that Count II is deficient under state pleading standards, due to use of the phrase "including, but not limited to." While not preferred, Plaintiff's use of this broad phrase does not render her pleading inadequate under federal pleading standards and Corry's argument is rejected.

Counts II and III of Plaintiff's Amended Complaint will not be dismissed on the proffered grounds.

As to Plaintiff's conversion claim in Count V, "[t]he elements of conversion are: (1) the deprivation of another's right of property in, or use or possession of, a chattel; (2) without the owner's consent; and (3) without lawful justification." McDermott v. Party City Corp., 11 F. Supp. 2d 612, 626 n.18 (E.D. Pa. 1998). Here, Plaintiff avers that she was the title owner of the vehicle, that she did not sign any agreement giving Corry a right to the vehicle, and that Corry had no right to possess the vehicle. She further avers that she placed Corry on notice as such, and it nevertheless refused to return the vehicle to her. Accordingly, Plaintiff has alleged direct acts by **Corry**, sufficient to support a claim for conversion under applicable standards. Count V, therefore, is not subject to dismissal.

Count IV, which sets forth Plaintiff's claim for assault and battery, presents a different situation. Plaintiff does not dispute that under Pennsylvania law, an employer is generally not liable for the intentional torts of an independent contractor. Mahon v. City of Bethlehem, 898 F. Supp. 310, 313-14 (E.D. Pa. 1995). Here, Plaintiff does not raise a plausible claim against Defendant Corry for assault and battery. The Amended Complaint does not allege any direct acts by Corry that might constitute assault and battery. Moreover, Plaintiff neither argues nor alleges, for example, that Corry exercised relevant control over its co-Defendants or ratified their conduct. Further, the Amended Complaint does not identify facts regarding the parties' relationships that would permit the conclusion that the mere fact of the Defendants' relationships vests Corry with responsibility for its co-Defendants' intentional acts. Count IV will be dismissed as against Corry.

### 2) Count III – Loss of Money or Property

Next, Corry challenges Count III, which alleges a violation of the FCEUA and the UTPCPL, on grounds that Plaintiff fails to allege an ascertainable loss of money or property. In particular, Corry asserts that Plaintiff's allegations state only non-compensable injuries, such as those for damage to reputation and loss of use of the vehicle.

"While the Pennsylvania Supreme Court mandates a liberal construction of the UTPCPL, lower court cases and the plain language of the statute indicate an actual loss of money or property must have occurred to state a cognizable UTPCPL claim." Benner v. Bank of Am., N.A., 917 F. Supp. 2d 338, 360 (E.D. Pa. 2013). Here, Plaintiff alleges that Defendant's conduct temporarily then permanently deprived her of possession of her vehicle. Viewing the allegations in a light most favorable to Plaintiff, these averments state an "actual loss" of property. Therefore, even if not all of her alleged damages are subject to statutory redress, Count III is not subject to dismissal on grounds that Plaintiff fails to allege a loss compensable under FCEUA and the UTPCPL.

### 3) Count V – Gist of the Action

Finally, Corry contends that Plaintiff's claim for conversion, at Count V of the Amended Complaint, is barred by the "gist of the action" doctrine. Because Plaintiff alleges that her vehicle purchase was subject to a financing agreement, Corry argues, the parties' rights are governed by that contract and cannot be the subject of a conversion claim.

The gist of the action doctrine:

> "'is designed to maintain the conceptual distinction between breach of contract claims and tort claims.' It 'precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims.' 'Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals.' 'To be construed as in tort, … the wrong ascribed to defendant must be the gist of the action, the contract being collateral.' The doctrine bars tort claims under the following circumstances: (1) when they arise "solely from a contract between the

6

> parties"; (2) "where the duties allegedly breached were created and grounded in the contract itself; (3) "where the liability stems from a contract"; or (4) "where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract."

Krajewski v. Am. Honda Fin. Corp., 557 F. Supp. 2d 596, 607 (E.D. Pa. 2008) quoting eToll, Inc. v. EliasSavion Adver., Inc., 811 A.2d 10, 14 (Pa.Super.Ct. 2002).

In Krajewski, which arose out of the repossession of plaintiff's vehicle, the court considered defendant's argument that it was entitled to summary judgment based on the "gist of the action" doctrine. The plaintiff's claim turned on whether she had defaulted on her contract, and the parties agreed that in order to have converted Plaintiff's vehicle, the defendant would have had to have breached the parties' contract. Id. at 607-608. Accordingly, the court found that the success of the conversion claim depended on the contract, and the claim was thus barred by the gist of the action. Id. at 608.

At this early stage of the proceedings, the Court will not dismiss Plaintiff's conversion claim as barred by the gist of the action. Plaintiff alleges that she purchased the subject vehicle under a financing agreement. ECF No. 10, ¶ 10. Beyond that, however, she does not plead facts that would allow the conclusion that her claim against any Defendant depends on the terms of that agreement. In other words, it has not been alleged that the parties' duties were defined by any contract. It may be that the gist of the action doctrine bars her conversion claim, but this is not apparent from the face of the Amended Complaint. Because this Court is required to view the Plaintiff's allegations in the light most favorable to her, Count V is not subject to dismissal under Rule 12(b)(6).

### C. EDDIE'S MOTION TO DISMISS

First, Defendant Eddie's challenges Counts I through IV and VI of Plaintiff's Amended Complaint, on grounds that the allegations therein cannot support a breach of the peace. Eddie's points to Plaintiff's allegation that police were present during the repossession, and the absence of any allegation that any Defendant received a citation for breaching the peace. These facts, they argue, render Counts I through IV and Count VI of the Complaint insufficient.

"Pennsylvania courts have not specifically defined what actions constitute a breach of the peace, and there is very little case-law interpreting a breach of the peace in the repossession context." Rivera v. Dealer Funding, LLC, 178 F.Supp.2d 272, 278 (E.D. Pa. Apr. 15, 2016). According to one definition, which echoes the "classic" definition that Plaintiff offers here, a breach of the peace is "such a violation of the public order as amounts to a disturbance of the public tranquility, by act or conduct either directly having this effect, or by inciting or tending to incite such a disturbance of the public tranquility." Breach of Peace and Disorderly Conduct § 5, 12 Am. Jur. 2d (2016). Further, "[j]urisdictions that do not have a set of factors to consider when determining whether there has been a breach of the peace, like Pennsylvania, focus almost entirely between the interactions of the debtor and creditor at the time of repossession, such as force or threats of force, trespass, or verbal objections." Rivera, 178 F.Supp.2d at 278.

Here, Plaintiff's Amended Complaint avers, inter alia, that she was in her parked car, when Doe pulled up and blocked her vehicle; that he screamed at her, using profanities and threats of criminal charges; that she told him to go away; that he threatened to drag the vehicle down the road with Plaintiff, and her granddaughter, inside; and that he then swung his truck around and rammed Plaintiff's vehicle. ECF No. 10, ¶¶ 15-31. Eddie's cites to no authority for its suggestion that the presence of police at some point during the events alleged, or the lack of

8

police action against Defendants, precludes a finding regarding breach of the peace. Standards applicable at this stage in the litigation do not permit a determination that Plaintiff's allegations in Counts I-IV and Count VI fail to support a breach of peace.

As a final matter, Eddie's also joins in its co-Defendant's Motion, to the extent that it contends that Count III is insufficiently specific, because Plaintiff fails to plead an ascertainable loss of money or property, and that Count IV is deficient, because Plaintiff fails to plead facts supporting a conversion claim. For the reasons discussed above, these contentions are rejected.

### IV. JOHN DOE REPO MAN

Pursuant to Fed. R. Civ. P. 4(m), if a defendant is not served within ninety days after a complaint is filed, the court must dismiss the action against that defendant. In this case, the Complaint was filed on March 15, 2016; a summons issued on March 17, 2016; and the Amended Complaint was filed on May 10, 2016. As of today's date, the docket does not reflect service on this Defendant. Accordingly, all claims against him will be dismissed.

### CONCLUSION

In conclusion, Defendant Corry's Motion to Dismiss will be granted in part and denied in part. The motion to dismiss will be granted as to Count IV and denied as to all remaining Counts. Further, Defendant Eddie's Motion to Dismiss will be denied. Plaintiffs' claims against John Doe-Repo Agent will be dismissed.

An appropriate Order follows.